Receipt number AUSFCC-8165647

Thomas A. Gentile, Esq.
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Phone:  (973) 735-5785
Fax:  (973) 624-0808
*Attorneys for Plaintiff*

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| U.S. HEALTHCARE SUPPLY, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant.* | Case No. __22-1268 T__<br><br><br>**COMPLAINT** |

Plaintiff U.S. HEALTHCARE SUPPLY, LLC ("Plaintiff"), by and through its undersigned counsel, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, hereby petitions the United States Court of Federal Claims for a determination that Plaintiff appropriately deducted on its 2016 partnership income tax return $5,026,247.00 (five million, twenty-six thousand, two hundred forty-seven dollars and zero cents), which deduction the Internal Revenue Service disallowed.

1. This action being a challenge to the validity of the Internal Revenue Service's determination of tax liability of the Plaintiff, the United States Court of Federal Claims has jurisdiction over this action pursuant to 29 U.S.C. § 1491.

2. Plaintiff is a New Jersey limited liability company that is engaged in the business of mail-order supply of durable medical equipment.  Oxford Diabetic Supply, Inc. ("Oxford") is an entity affiliated with Plaintiff that is also engaged in the business of mail-order supply of durable medical equipment.  U.S. Diagnostics, Inc. and U.S. Diagnostics NJ are entities affiliated with Plaintiff that provide management support to Plaintiff and to Oxford.

3.      Jon Letko is a principal of Plaintiff and of U.S. Diagnostics NJ.  Edward Letko is a principal of Oxford and U.S. Diagnostics, Inc.

4.      The United States had asserted that the United States had certain civil claims against Plaintiff (and/or against certain of the aforementioned entities that are affiliated with Plaintiff), under (*inter alia*) the False Claims Act, 31 U.S.C. § 3729 *et seq*., arising from Plaintiff's billing practices for certain medical equipment that Plaintiff (and/or such affiliated entities) provided to Medicare beneficiaries from July 21, 2008 through December 31, 2010.

5.      In or about 2016, Plaintiff, Oxford, U.S. Diagnostics, Inc., U.S. Diagnostics NJ, Jon Letko and Edward Letko (on the one hand) (the "Oxford/U.S. Healthcare Parties") entered into a Settlement Agreement with the United States (on the other hand).  The Settlement Agreement settled any and all claims that the United States had against the Oxford/U.S. Healthcare Parties for the alleged conduct set forth in the preceding paragraph.  A true and correct copy of the Settlement Agreement which attached to this Complaint as Exhibit A.

6.      Pursuant to the Settlement Agreement, on or about September 8, 2016, Plaintiff made a payment to the United States in the amount of $5,112,448.36 (representing the $5,000,000.00 settlement payment to which they had agreed in the Settlement Agreement, plus accrued interest).

7.      Also pursuant to the Settlement Agreement, Edward Letko made a payment to the United States in the amount of $6,000,000.00; and Jon Letko made a payment to the United States in the amount of $1,000,000.00.  As set forth explicitly in the Settlement Agreement, Edward Letko and Jon Letko were required to make these payments "from their personal assets and not from any special distribution from any of the Oxford/U.S. Healthcare Parties."

8.      On its 2016 partnership income tax return (Form 1065), Plaintiff declared the $5,112,448.36 payment that it made pursuant to the Settlement Agreement as a deduction pursuant

to Section 162(a) of the Internal Revenue Code, 26 U.S.C. § 162(a), as an ordinary and necessary expense paid or accrued during the taxable year.

9. The Internal Revenue Service audited Plaintiff's partnership income tax return. On or about June 25, 2019, the Internal Revenue Service provided to Plaintiff an Information Document Request (Form 4564) disallowing $5,026,247.00 of the deduction, a true and correct copy of which is attached to this Complaint as Exhibit B.

10. On or about July 23, 2019, counsel for Plainitff submitted to the Internal Revenue Service a Protest to Disallowance of Deduction and Assessment of Additional Income, a true and correct copy of which is attached to this Complaint as Exhibit C.

11. On June 13, 2022, the Internal Revenue Service's Independent Office of Appeals issued a final determination disallowing $5,026,247.00 of the deduction, a true and correct copy of which is attached to this Complaint as Exhibit D.

12. The version of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), that was in effect in 2016 provided that "[n]o deduction shall be allowed under subarticle (a) for any fine or similar penalty paid to a government for the violation of any law." (Amendments to Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), pursuant to the Tax Cuts and Jobs Act of 2017, P. L. 115-97, apply only to settlement agreements entered into after December 22, 2017. Those amendments therefore do not apply to this case).

13. The version of Treasury Regulation 1.162-21(b), 26 CFR § 1.162-21, that was in effect in 2016 defined a "fine" as "any amount paid (i) pursuant to a conviction, (ii) as a civil penalty imposed by law, or (iii) in settlement of a taxpayer's actual or penitential liability," but provided that "[c]ompensatory damages, or amounts paid in restitution, do not constitute a fine or penalty."

14. The $5,112,448.36 payment that Plaintiff made pursuant to the Settlement Agreement is a trade or business expense that is deductible under Section 162(a), and is not a fine or penalty under the version of Section 162(f) that was in effect in 2016.

15. The Settlement Agreement is silent as to any characterization of Plaintiff's settlement payment of $5,000,000.00 as being compensatory or punitive.

16. The economic realities of the settlement, including the intent of the parties, are such that the $5,112,448.36 payment that Plaintiff made pursuant to the Settlement Agreement is compensatory in nature. Specifically, and without limitation: (a) the settlement amount of $5,000,000.00 was not calculated as a fixed amount per alleged violation, but rather was negotiated as a means of reimbursing the government; (b) the fact that the settlement amount of $5,000,000.00 was less than the actual damages alleged by the government evidences the parties' intent that the payment was to constitute restitution to the government; and (c) during the presentation by the government followed by negotiations, the government always referred to the amount paid as reimbursement for claims paid.

17. Furthermore, Plaintiff's settlement amount of $5,000,000.00 contrasts with the $6,000,000.00 payment that Edward Letko paid out of his personal funds; and contrasts also with the $1,000,000.00 payment that Jon Letko paid out of his personal funds. In contrast with the compensatory attributes of Plaintiff's settlement amount (as set forth in the preceding paragraph), the amounts paid by Edward Letko and Jon Letko – as well as the fact that the Settlement Agreement required their payments to be made out of their personal funds – evince a distinct punitive intent.

**FIRST CAUSE OF ACTION**

18. Plaintiff repeats and re-alleges Paragraphs 1 through 17 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

19. On its 2016 partnership income tax return, Plaintiff appropriately deducted the disallowed $5,026,247.00 of the $5,112,448.36 payment that Plaintiff made pursuant to the Settlement Agreement, pursuant to Section 162(a) of the Internal Revenue Code, 26 U.S.C. § 162(a).

20. The version of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), that was in effect in 2016, does not preclude Plaintiff from taking such a deduction, because the disallowed $5,026,247.00 does not constitute a "fine or similar penalty paid to a government for the violation of any law."

21. No action on the claim set forth in this Complaint has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States, other than as described in this Complaint. Plainitff is the sole owner of the claim set forth in this Complaint, and has made no assignment thereof.

**WHEREFORE**, Plaintiff demands judgment in the amount of $5,026,247.00 (five million, twenty-six thousand, two hundred forty-seven dollars and zero cents), plus interest and costs allowed by law, and such other relief as this Honorable Court may deem just, including the award of reasonable litigation costs incurred in this proceeding, under 26 U.S.C. § 7430.

Dated:  September 9, 2022

                              **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

                              By:     /s/ Thomas A. Gentile
                                         THOMAS A. GENTILE

                              *An Attorney Admitted to Practice before this Honorable Court*

                              200 Campus Drive, Fourth Floor
                              Florham Park, New Jersey 07932
                              Phone:  (973) 735-5785
                              Fax:  (973) 624-0808

                              *Attorneys for Plaintiff*
                              *U.S. Healthcare Supply, LLC*